IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELVIN JOHNSON, #43424, )
    Petitioner, )
)
v. ) Civil Action No. 09-326
)
LESTER G. NAUHAUS, et al., )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Melvin Johnson for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Melvin Johnson, an inmate at the Allegheny County Jail has presented a petition for a writ of habeas corpus, for which he has paid the filing fee.[1]

Johnson is presently serving an eleven and an half to twenty-three month sentence to be followed by a five year period of probation following his conviction, upon a plea of guilty, to charges of unlawful possession of a firearm, at No. CC 200108672 in the Court of Common

---

[1] We note that on January 22, 2009, Johnson filed an essentially identical petition in this Court which has been treated as a civil rights petition and docketed at No. 2:09-cv-79. The determination to treat the latter as a civil rights complaint was based on the fact that essentially the plaintiff set forth that it was a § 1983 suit and sought damages. However, there were some allegations in that complaint which could have been construed as seeking habeas corpus relief. However, these same matters are raised here in what he has termed a habeas corpus petition and we will address only those matter that properly pertain to habeas corpus and leave the remainder of the issues he raises to be resolved in his § 1983 petition.

Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 2, 2002.[2] No appeal was pursued.

On January 31, 2006, Johnson filed a post-conviction petition.[3] That petition was dismissed as time barred on October 11, 2006.[4] The petitioner refiled his post-conviction petition as well as one for habeas corpus relief in January 2009.[5] According to the Docket Sheet of the Court of Common Pleas of Allegheny County, the petitioner was charged with a probation violation and arrested.[6]

The gravamen of Johnson's complaint here is that the plea bargain which he entered in October 2002 provided that he be sentenced to a eighteen to thirty-six month period of incarceration without any mention of probation, and that the imposed sentence was eleven and a half to twenty-three months to be followed by a five year period of probation. This sentence was imposed on October 2, 2002, and never appealed.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[2] See: Petition at ¶¶ 1-6.

[3] See: Petition at ¶ 11(a)(3).

[4] See: Petition at ¶ 11(a)(8).

[5] See: Petition at ¶ 11(b).

[6] See: Court of Common Pleas of Allegheny County, Pennsylvania Docket: CP-02-CR-8672 of 2001.

> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, sentence was imposed on October 2, 2002 and not appealed. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's sentence became final on November 1, 2002. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 31, 2006, or more than three years after he could have done so. That petition was denied as untimely and for this reason was not a "properly filed" petition. The instant petition was executed on March 16, 2009. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this recommendation and in the objection process can provide the Court with any response he deems appropriate as mandated by the decision in <u>United</u>

States v. Bendolph, 409 F.3d 155 (3d.Cir.2005).

For this reason, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within the time limit set forth in the Notice of Electronic Filing, any party may serve and file written objections to the Report and Recommendation.

Respectfully submitted,

s/ Robert C. Mitchell,
United States Magistrate Judge

Dated: March 20, 2009